DECISION AND JUDGMENT ENTRY
{¶ 1} On December 23, 2002, a complaint alleging that, appellant, Jeremiah J. Gilbert, was a delinquent minor was filed in the Lucas County Court of Common Pleas, Juvenile Division. The complaint claimed that appellant, who was 16 years old at the time, knowingly discharged a firearm into an occupied habitation or school. Subsequently, appellee, the state of Ohio, filed, pursuant to R.C. 2152.12, a motion asking the juvenile court to relinquish jurisdiction over appellant and to transfer this cause to the general division of the common pleas court so that Gilbert could be tried as an adult. Pursuant to Juv.R. 30(A), the trial court set a date, February 5, 2003, for a probable cause hearing
 {¶ 2} Prior to the probable cause hearing, appellant filed a motion to compel discovery. At the hearing on February 5, the issue of discovery was discussed at great length, and the trial court orally granted the motion, in part, and denied the motion, in part.[1] The judge limited discovery to those matters relevant to the probable cause hearing. The court also rescheduled that hearing.
 {¶ 3} Following the rescheduled hearing, the court determined that there was probable cause to believe that appellant had committed the crime and scheduled, under the mandates of Juv.R. 30(C), an amenability hearing. After that hearing, the trial court entered a judgment that found that appellant was not amenable to rehabilitation in the juvenile system. As a result, the juvenile court filed a judgment entry transferring the case to the general division of the common pleas court.
 {¶ 4} The Lucas County Grand Jury indicted appellant on one count of improperly discharging a firearm into a habitation or school, a violation of R.C. 2923.161(A)(1), a felony of the second degree. The charged offense carried a specification that Gilbert used a firearm to facilitate the offense, a violation of R.C.R.C. 2941.145. A second specification asserting that appellant discharged the firearm from a motor vehicle in violation of R.C. 2941.146 was later dismissed.
 {¶ 5} On December 17, 2002, appellant entered a no contest plea to a charge levied against him. The common pleas court found appellant guilty of committing those offenses and sentenced him to a mandatory three years in prison for the violation of R.C.R.C. 2941.145 and to four years in prison for the violation of R.C. 2923.161(A)(1). The sentences are to be served consecutively.
 {¶ 6} Appellant appeals his conviction and sentence and maintains that the following error occurred in the proceedings below:
 {¶ 7} "The Juvenile Division of the Lucas County Court of Common Pleas was required to give full discovery to the defendant-appellant's counsel pursuant to Juv.R. 24, and instead, the court limited the discovery the defendant-appellant could receive."
 {¶ 8} In his sole assignment of error appellant contends that the juvenile court erred in failing to provide him with "unfettered" discovery for the purposes of the probable cause hearing. We disagree.
 {¶ 9} The issue raised by appellant was addressed and decided by the Eighth District Court of Appeals. See In re A.M., 139 Ohio App.3d 303, discretionary appeal not allowed, In re A.M. (2001), 91 Ohio St.3d 1431. In that case, the state alleged that the juvenile, who was over the age of 16, but under the age of 18, was delinquent due to two violations of R.C. 2911.01(A)(1), aggravated robbery, a felony of the first degree. Id. at 304. Both counts included a firearm specification. Id. at 304-305. The state filed a motion to bind over the defendant to the common pleas court for prosecution as an adult. Id. at 305.
 {¶ 10} Prior to the probable cause hearing, the defendant requested discovery pursuant to Juv.R. 24(A). Id. at 305. The state refused to comply with this request; therefore, the defendant filed a motion to compel. Id. Even when the court granted the motion to compel, the prosecution refused to provide any discovery. Id. Consequently, under the authority of Juv. R. 30(C), the trial court dismissed the case, without prejudice. Id. In its judgment of dismissal, the trial court suggested that because a preliminary hearing determines whether the defendant is within the jurisdiction of the juvenile court, this preliminary, i.e. probable cause, hearing is an adjudicatory hearing within the meaning of Juv.R. 2(B).[2] Id. at 307-308.
 {¶ 11} On appeal, the state argued that a juvenile court lacks the authority to order the prosecution to answer discovery requests before a probable cause hearing because that hearing is not an adjudicatory hearing. Id. 308. After a thorough discussion of the statutes and rules governing a bindover proceeding, the Eighth Appellate District first concluded that: "`[P]roceedings conducted in a Juvenile Court for the purpose of determining whether or not to bind over a juvenile defendant to be tried as an adult do not constitute an adjudicatory hearing in the sense that the `evidence is put to the trier of fact or that jeopardy attaches.'" Id. quoting In re Lee (Dec. 17, 1992), 8th Dist. No. 63858. Id. The court based its decision on the fact that at a probable cause hearing the evidence of the offense is not before the trier of fact for a determination on the merits. Id. citing Lee, supra. See, also, State v.Whiseant (1998), 127 Ohio App.3d 75, 85 (The Eleventh District Court of Appeals determined that a preliminary/probable cause hearing is not an adjudicatory hearing because the juvenile's innocence or guilt is not at issue.).
 {¶ 12} Nevertheless, the Eighth District Court of Appeals did not determine, as requested by the prosecution, that a juvenile is denied all discovery in preparation for a probable cause hearing. Inr e: A.M., at 308. Quoting Kent v. United States (1966), 383 U.S. 541 at 560 and 562, the court noted that the decision to transfer juvenile proceedings to an adult court is "`critically important'" and that the probable cause hearing must "`measure up to the essentials of due process and fair treatment.'" The Eighth District Court of Appeals therefore decided that the juvenile has the right to discover "evidence that the prosecutor will offer to establish probable cause mandating transfer." Id. at 309. The court further determined that, pursuant to Juv. R. 24(B), a juvenile court has the discretion to impose such a limitation on discovery. Id. at 309-310.
 {¶ 13} Although we are not bound by the law set forth in In re A.M.,
we find the reasoning in that decision persuasive and adopt the rule set forth therein. Specifically, we hold that in a case involving, as a preliminary matter, the question of the transfer of a juvenile proceeding to a common pleas court for the purpose of trying a juvenile as an adult for an alleged criminal offense, a juvenile court may limit discovery in the juvenile court to evidence relevant to the probable cause hearing. Thus, the only issue before this court at this time is whether the court below abused its discretion in the manner in which it limited appellant's discovery. An abuse of discretion occurs when a trial court's attitude in reaching its decision is unreasonable, arbitrary, or unconscionable.Grantz v. Discovery for Youth, 11th Dist. Nos.CA2004-09-216, CA2004-09-217, 2005-Ohio-680, at ¶ 12 (Citation omitted.).
 {¶ 14} A reading of the probable cause hearing held on February 5, 2002, and the motion to compel discussed at that hearing reveals that the trial court merely deleted any reference to request for the discovery of evidentiary materials and witnesses that the prosecution intended to use at trial. Furthermore, at the hearing, the juvenile court judge expressly stated that appellant could discover the evidence pertaining to and the identity of witnesses to be presented at the probable cause hearing. Accordingly, we must find that the trial court's decision on the discovery issue was not unreasonable, arbitrary, or unconscionable, and appellant's single assignment of error is found not well-taken.
 {¶ 15} On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal. See App.R. 24.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Skow, J., concur.
[1] We remanded this cause to the trial court for 15 days so that the court below could enter a written order concerning discovery. The trial judge complied, rendering this case ripe for review.
[2] Juv.R. 2(B) defines an "adjudicatory hearing" as a "Hearing to determine whether a child is a juvenile traffic offender, delinquent, unruly, abused, neglected, or dependent or otherwise within the jurisdiction of the court."