[Cite as *In re D. M.*, 2013-Ohio-668.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: D.M.             :          APPEAL NO.  C-120794
                                        TRIAL NO. 12-9552z

                                     :          *O P I N I O N.*

Criminal Appeal From:  Hamilton County Court of Common Pleas, Juvenile Division

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  February 27, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Appellant,

*Gordon C. Magella*, for Appellee.

Please note:  this case has been removed from the accelerated calendar.

Per Curiam.

{¶1}   Plaintiff-appellant, the State of Ohio, appeals from the trial court's judgment dismissing this case on the ground that the state failed to comply with a discovery order. For the following reasons, we reverse and vacate the trial court's judgment and remand this case for further proceedings.

{¶2}   The state alleged that defendant-appellee, D.M., a juvenile, had committed an act which, if committed by an adult, would have constituted aggravated robbery.   The state subsequently moved the trial court to relinquish jurisdiction and to bind D.M. over to the general division of the common pleas court. Prior to the probable-cause portion of D.M's bindover hearing, defense counsel requested *Brady* materials and discovery from the state.  *See Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).  The state responded, but D.M. was unsatisfied with the amount of information provided.  D.M. therefore moved the trial court for an order compelling the state to comply with the discovery request and asked for numerous items including two police reports, a "301 report" and a "527(b) report."

{¶3}   At the hearing on the motion to compel, the state argued that (1) it had already provided D.M. with any *Brady* material that it had in its possession and with the evidence that it intended to use at the probable-cause hearing, and (2) the police reports were privileged work product and therefore were not discoverable. Following the hearing, and without examining the documents, the trial court ordered the state to provide defense counsel with the 301 and 527(b) reports. The state refused.  D.M. then moved the trial court to dismiss the case under Juv.R. 24(C) based on the state's

failure to abide by the trial court's discovery order. Following a hearing, the trial court granted D.M.'s motion. This appeal ensued.

{¶4} In its first assignment of error, the state alleges that the trial court erred as a matter of law in dismissing the complaint. Specifically, the state contends that the trial court's discovery order had been illegal because it had ordered the state to release privileged material. Therefore, the state argues, its refusal to comply with the discovery order could not properly be the basis of a dismissal.

### The Probable Cause Hearing and Limits on Discovery

{¶5} Before addressing the issue of privilege, we must first determine what materials are discoverable by a juvenile prior to a probable-cause bindover hearing.

{¶6} To establish probable cause that a juvenile committed an offense, the state must provide credible evidence of every element of the offense that "raises more than a mere suspicion of guilt, but need not provide evidence proving guilt beyond a reasonable doubt." *State v. Iacona*, 93 Ohio St.3d 83, 93, 752 N.E.2d 937 (2001). The trial court must "evaluate the quality of the evidence presented by the state" establishing probable cause as well as any evidence presented by the juvenile that attacks probable cause. *Id.*; *see also In re A.J.S.,* 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, ¶ 42-43. During this hearing, the trial court does not act as the ultimate fact-finder and makes no determination as to guilt or innocence. *In re A.J.S.* at ¶ 44.

{¶7} While the probable-cause hearing is quite limited in scope, it is nevertheless a "critically important stage" in juvenile proceedings since it determines whether the juvenile will be tried as an adult. *Iacona* at 91. The hearing therefore must "measure up to the essentials of due process and fair treatment." *Id.*, citing

3

*Kent v. United States*, 383 U.S. 541, 562, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). For this reason, the Ohio Supreme Court has held that a juvenile facing a probable-cause hearing is, upon request, entitled to *Brady* materials from the state. *Iacona* at 91.

{¶8} Based on similar notions of fairness and due process, the Eight Appellate District held that, absent a limiting-order under Juv.R. 24(B), a juvenile is entitled to discovery "coextensive" with the issues to be determined at a bindover hearing. *In re A.M.*, 139 Ohio App.3d 303, 305-306, 743 N.E.2d 937 (8th Dist.2000). Given the narrow parameters of a probable-cause hearing, the *In re A.M.* court suggested that discovery may be limited to the evidence that the state intends to use at the probable-cause hearing. *Id.* at 309. Citing *In re A.M.* with approval, in *State v. Gilbert*, 6th Dist. No. L-03-1273, 2005-Ohio-2350, ¶ 13, the Sixth Appellate District held that, prior to a probable-cause hearing, a trial court may limit discovery to evidence "relevant" to that hearing. The *Gilbert* court also determined that a juvenile had the right to discover the evidence that the state intended to offer to establish probable cause. *Id.* at ¶ 12.

{¶9} We are obviously bound by *Iacona*. And we are persuaded by *In re A.M.* and *Gilbert* to the extent that those cases hold that a juvenile is entitled to discover the evidence that the state intends to use at a probable-cause hearing. But we reject the language in *In re A.M.* and *Gilbert* holding that a juvenile is entitled to discovery "coextensive" with or "relevant" to the issues to be determined in a probable-cause hearing. We find that this language is susceptible to an overly-expansive interpretation. A probable-cause hearing is not an adjudication, jeopardy does not attach, and a juvenile facing a bindover does not present a defense in the traditional sense of the word. *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897

N.E.2d 629, at ¶ 44; *In re A.M.* at 308. In addition, the outcome of a bindover proceeding necessarily determines whether Juv.R. 24 or Crim.R. 16 will govern discovery in a given case. There are vast differences between Juv.R. 24 and Crim.R. 16, and if one applies the other does not. Juv.R. 1(C)(2); Crim.R. 1(C)(5). We therefore hold that prior to a probable-cause bindover hearing, the state must provide to a juvenile upon request only (1) any *Brady* materials in its possession and (2) the evidence that the state intends to use at the probable-cause hearing.

{¶10} We note that our holding is applicable to the probable-cause hearings for both mandatory and discretionary bindover proceedings.

### D.M's Motion to Compel

{¶11} We review the trial court's ruling on discovery matters under an abuse-of-discretion standard. *Grace v. Mastruserio,* 182 Ohio App.3d 243, 2007-Ohio-3942, 912 N.E.2d 608, ¶ 13 (1st Dist.)

{¶12} The state in this case had provided D.M. with the names of three witnesses, copies of statements by D.M. and two other witnesses, as well as D.M.'s "waiver of rights" form. D.M.'s motion to compel discovery suggests that D.M. believed that he was entitled to full discovery prior to the probable-cause hearing. D.M. moved the trial court to order the state to release a surveillance video, text messages, phone records, a gun, victim statements, "IDs," medical records, and police reports. In response, the state represented to the trial court that it had provided discovery concerning the evidence that it intended to introduce at the probable-cause hearing, as well as any exculpatory evidence that it had in its possession. D.M. did not offer any direct response to these arguments, did not

properly challenge the state's response under *Brady*, and instead simply contended that he was entitled to the items requested.

{¶13} Under these circumstances, we hold that the trial court abused its discretion when it ruled that the state was required to provide D.M. with the 527(b) and 301 police reports. And since the underlying discovery order was erroneous, we hold that the trial court erred when it dismissed this case under Juv.R. 24(C) based on the state's failure to abide by the order. The state's first assignment of error is therefore sustained.

### Privilege and the Necessity for a Hearing

{¶14} Although the issue of privilege is moot, we choose to address it since this issue may arise during D.M.'s adjudication should he remain in juvenile court.

{¶15} The burden to establish privilege is on the one asserting it. *Peyko v. Frederick*, 25 Ohio St.3d 164, 495 N.E.2d 918 (1986). In this case, the state claimed that the 527(b) and 301 police reports were privileged work product and therefore were not discoverable. *See* Juv.R. 24(A) and Juv.R. 24(A)(3). The work-product doctrine "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles,* 422 U.S. 225, 238, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975); *see also Squire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.,* 127 Ohio St.3d 161, 2010-Ohio-4469, 937 N.E.2d 533, ¶ 55. The doctrine is "grounded in the realities of litigation in our adversary system." *Nobles* at 238. One of these realities "is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial." *Id.* The work-product doctrine therefore protects

"material prepared by agents for the attorney as well as those prepared by the attorney himself" in preparation for trial. *Id.*

{¶16}   To preclude allegedly privileged materials from discovery, the party claiming the privilege must move the trial court for an order limiting discovery under Juv.R. 24(B).  If the moving party can articulate a factual basis to support a good faith belief that the contested item may be privileged, the trial court must conduct an evidentiary hearing and/or an in camera review of the contested item before ruling. *Mastruserio*, 182 Ohio App.3d 243, 2007-Ohio-3942, 912 N.E.2d 608 at ¶ 38; *Stegman v. Nickels*, 6th Dist. No. E-05-069, 2006-Ohio-4918.  Unsupported assertions of counsel, as occurred in the present case, do not constitute an "evidentiary hearing" and will not suffice to establish privilege. *Peyko*, 25 Ohio St.3d at 166, 495 N.E.2d 918.  Should the moving party fail this preliminary showing, the trial court may rule without first conducting a hearing or in camera review.  Where a hearing is warranted, the trial court may (1) find that an item is not privileged and therefore is discoverable; (2) find that an item is privileged in its entirety and is not discoverable; or (3) may order privileged portions of an item to be redacted before it is discoverable.

{¶17}   In its second assignment of error, the state argues that the trial court abused its discretion by imposing "the harshest sanction of dismissal."  Given the disposition of the state's first assignment of error, this assignment of error is moot and we decline to address it.  App.R. 12(A)(1)(c).

{¶18}   We reverse the trial court's judgment dismissing the state's case and we remand this cause for further proceedings consistent with law and this opinion.

Judgment reversed and cause remanded.

7

**HENDON, P.J. HILDEBRANDT** and **CUNNINGHAM, JJ.**

*Please Note:*

      The court has recorded its own entry on the date of the release of this decision.