[Cite as *In re A.C.*, 2014-Ohio-174.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: A.C. | : | APPEAL NOS. C-130416 |
| | | C-130464 |
| | : | C-130467 |
| | | TRIAL NO. 12-11408x |
| | : | *O P I N I O N.* |

Criminal Appeals From: Hamilton County Juvenile Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: January 22, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman*, Assistant Prosecuting Attorney, for Appellant,

*Gordon C. Magella*, for Appellee.

Please note: this case has been removed from the accelerated calendar.

**HILDEBRANDT, Judge.**

{¶1} Appellant the state of Ohio appeals the judgment of the Hamilton County Juvenile Court excluding evidence from a probable-cause hearing on the grounds that the state had failed to comply with a discovery order. For the following reasons, we reverse the trial court's judgment and remand this cause for further proceedings.

{¶2} On December 6, 2012, the state alleged that defendant-appellee, A.C., a juvenile, had engaged in conduct that would have constituted aggravated robbery, with a firearm specification, had he been an adult. The state subsequently filed a motion for the trial court to relinquish jurisdiction and bind the case over to the general division of the common pleas court.

{¶3} Prior to the probable-cause portion of A.C.'s bindover hearing, defense counsel requested discovery, including exculpatory evidence under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The state provided discovery, but the defense was unsatisfied with the extent of the material produced. A.C. filed a motion to compel, requesting the Arrest and Investigation Report (Form 527), the Incident Report (Form 301), and any other discoverable material not already provided. The state responded that the reports were not subject to discovery because they constituted privileged work product.

{¶4} The trial court granted the motion to compel on January 29, 2013, concluding that the police reports were not work product. The state then filed a supplemental discovery response, and the parties informed the trial court that Form 301 and Form 527(a) had been provided to A.C. But the state refused to

produce Form 527(b) and maintained that it was not discoverable in the context of a probable-cause hearing.

{¶5} On July 2, 2013, the trial court ordered the state, under threat of contempt, to provide the court with the Form 527(b) for an in camera inspection. The state delivered the form under seal on July 5, 2013. On the same date, the state filed with this court a motion for an emergency stay of the trial court's discovery order. We granted the stay and ordered the trial court "to maintain the 527(b) report in a sealed condition and to refrain from releasing the document to defense counsel pending further order of this Court."

{¶6} On July 23, 2013, the trial court issued an entry stating that "[a]ny and all information relating to the 527(b) will be prohibited by the State in relation to the probable cause hearing, due to the State's continued failure to provide Form 527(b) for an In Camera inspection * * *."

{¶7} The state appealed the trial court's judgment, stating that it could not proceed with the prosecution if all material relating to the 527(b) were excluded from the probable-cause hearing.

{¶8} In two related assignments of error, the state argues that the trial court erred in ordering the production of the 527(b) report and in excluding the evidence related to the report from the probable-cause hearing.

### *In re D.M.* and Limits on Discovery

{¶9} This court recently addressed the issue of what material is discoverable in conjunction with a probable-cause hearing in a bindover proceeding. *See In re D.M.,* 2013-Ohio-668, 989 N.E.2d 123 (1st Dist.). In emphasizing the limited scope of a probable-cause hearing, this court rejected

the notion that a juvenile is entitled, under Juv.R. 24, to all discovery that is "coextensive with" or "relevant to" the issues to be determined in such a hearing. *Id.* at ¶ 9. Rather, we held that, prior to a probable-cause bindover hearing, discoverable material is limited to (1) any *Brady* materials in the state's possession and (2) the evidence that the state intends to use at the probable-cause hearing. *Id.*

{¶10} In this case, the state did not intend to use the 527(b) report in the probable-cause hearing. And even if the material contained in the 527(b) could also be found in other documents, exhibits, or testimony, the 527(b) itself was not discoverable under our holding in *In re D.M.* Thus, the trial court erred in excluding the evidence from the probable-cause hearing on the basis that the state was obligated to provide the report under Juv.R. 24.

{¶11} Nonetheless, A.C. argues that the juvenile court had the authority to conduct an in camera inspection of the 527(b) report to determine if it contained any *Brady* material. We are not persuaded.

{¶12} As the Supreme Court of the United States has held,

In the typical case where a defendant makes only a general request for exculpatory material under *Brady* * * *, it is the State that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final.

*Pennsylvania v. Ritchie,* 480 U.S. 39, 59, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987).

{¶13} Here, A.C. made only a general request for *Brady* material, and there is nothing in the record to suggest that defense counsel had become aware of any specific exculpatory material that the state had withheld. Under these circumstances, there was no right to have the trial court conduct an in camera inspection and no basis for the trial court to exclude the material in question from the probable-cause hearing. Accordingly, we sustain the assignments of error.

### Conclusion

{¶14} We reverse the judgment of the trial court and remand the cause for further proceedings consistent with law and this opinion.

Judgment reversed and cause remanded.

**HENDON, P.J.,** and **DEWINE, J.,** concur.

Please note*:*

The court has recorded its own entry on the date of the release of this opinion.