**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re D.M.,* Slip Opinion No. 2014-Ohio-3628.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-3628

IN RE D.M., A MINOR CHILD.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re D.M.,* Slip Opinion No. 2014-Ohio-3628.]**

*Juv.R. 24 applies in bindover hearings—It is an abuse of discretion for a juvenile court not to perform an in camera inspection of documents a party claims are privileged or otherwise not discoverable prior to ordering the party to turn the documents over to the opposing party.*

(No. 2013-0579—Submitted March 12, 2014—Decided August 28, 2014.)

APPEAL from the Court of Appeals for Hamilton County, No. C-120794, 2013-Ohio-668.

_____

**O'NEILL, J.**

Introduction

{¶ 1}   In this case we are asked to clarify what evidence a juvenile is entitled to in discovery prior to a bindover hearing.

{¶ 2}   In answering, we hold that Juv.R. 24 applies in bindover hearings. We also point out that a prosecuting attorney is under a duty imposed by the Due

Process Clauses of the Ohio Constitution and the United States Constitution and by Juv.R. 24(A)(6) to disclose to a juvenile respondent all evidence in the state's possession that is favorable to the juvenile and material either to guilt, innocence, or punishment. *State v. Iacona,* 93 Ohio St.3d 83, 752 N.E.2d 937 (2001), paragraph one of the syllabus. We further hold that it is an abuse of discretion for a juvenile court to dismiss a case for a prosecuting attorney's failure to comply with a discovery order without first performing an in camera inspection of the withheld evidence to determine whether the evidence is discoverable under Juv.R. 24.

Facts and Procedural History

**{¶ 3}** On October 15, 2012, a Cincinnati police officer filed a complaint against D.M. alleging that he was a delinquent child in that he committed a theft offense with a deadly weapon. The complaint alleged that D.M. had committed an act that if committed by an adult would constitute aggravated robbery in violation of R.C. 2911.01, a category-two offense as specified in R.C. 2152.02(CC). The complaint also alleged two firearm specifications. The first was a firearm-facilitation specification, meaning he brandished or used a firearm to facilitate the offense. The second was a firearm-possession specification, meaning he had a firearm in his possession while committing the offense. D.M. was 16 years old at the time.

**{¶ 4}** On October 16, 2012, the state filed a motion asking the juvenile court to relinquish jurisdiction and to have D.M. bound over to the general division of the court of common pleas for prosecution as an adult. On October 17, 2012, D.M. filed a request for discovery pursuant to Juv.R. 24 and *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (due process entitles an accused, upon request, to evidence known to the state that is favorable to the accused and is material to either guilt or punishment). The state responded to D.M.'s discovery request by disclosing the names of the victim and two police

officers that the prosecuting attorney intended to call to testify at the bindover hearing regarding the investigation of the crime. The state's response also included an attachment containing D.M.'s signed waiver-of-rights form and oral statements made by D.M. and two codefendants.

{¶ 5} On October 25, 2012, the same day on which the bindover hearing was to take place, D.M. filed a motion to compel discovery requesting that the juvenile court order the state to turn over additional evidence, including police-report forms 301 and 527B, relating to D.M.'s case. The court held a hearing on the motion to compel, and counsel for D.M. asserted that D.M. was entitled to full Juv.R. 24 discovery, which she asserted included the 301 and 527B police reports. The state asserted that it had disclosed all the evidence that it was required to disclose under the law for a bindover hearing. On November 8, the court again heard arguments on D.M.'s motion to compel, and afterward, the court ordered the state to turn over the 301 and 527B police reports.

{¶ 6} Despite the court order, the state did not turn over the 301 and 527B reports. On November 19, 2012, the court again heard the parties' arguments on the issue of the discoverability of the 301 and 527B reports. The state maintained that it had disclosed all the evidence that it was required to disclose and that the police reports at issue were not discoverable for two reasons: one, because a bindover hearing is not an adjudicatory proceeding, so Juv.R. 24 does not apply, and two, the reports are privileged work product. D.M. moved for dismissal of the charges based on the state's failure to comply with the court's discovery order. The juvenile court noted that the state had not requested that the court limit the information it had to disclose from the police reports. The court stated that because the documents were prepared in the ordinary course of police work, rather than in anticipation of litigation, they should have been turned over to the defense. And because the state had failed to obey the court's order to turn over the documents, the juvenile court dismissed the case without prejudice.

**{¶ 7}** The state appealed. Relying in part on the authority of *Iacona,* 93 Ohio St.3d 83, 752 N.E.2d 937, the First District reversed the juvenile court's judgment and held that prior to a bindover hearing, the only evidence that the state must provide to a juvenile, upon request, is (1) *Brady* materials in its possession and (2) evidence that it intends to use at the bindover hearing. The court vacated the juvenile court's judgment and remanded the cause.

**{¶ 8}** D.M. appealed to this court and urges this court to adopt the proposition that a juvenile is entitled to full Juv.R. 24 discovery prior to a bindover hearing held pursuant to R.C. 2152.12. At oral argument, the state asked this court to clarify what information due process requires to be turned over in discovery to juveniles prior to a bindover hearing.

Analysis

**{¶ 9}** The standard of review of a trial court's decision in a discovery matter is whether the court abused its discretion. *State ex rel. Denton v. Bedinghaus,* 98 Ohio St.3d 298, 2003-Ohio-861, 784 N.E.2d 99, ¶ 31.

**{¶ 10}** In order to establish probable cause to believe that a juvenile committed an offense, the state must provide credible evidence that "raises more than a mere suspicion of guilt, but need not provide evidence proving guilt beyond a reasonable doubt." *Iacona,* 93 Ohio St.3d at 93, 752 N.E.2d 937. The juvenile court has the duty to assess the credibility of the evidence and to determine whether the state has presented credible evidence going to each element of the charged offense, but it is not permitted to exceed the limited scope of the bindover hearing or to assume the role of the fact-finder at trial. *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, ¶ 44.

**{¶ 11}** Regardless of the limited scope of bindover proceedings, the Supreme Court of the United States has held that the bindover hearing is a "critically important proceeding" and that the hearing "must measure up to the essentials of due process and fair treatment." *Id.,* quoting *Kent v. United States,*

383 U.S. 541, 562, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), citing *Pee v. United States,* 107 U.S.App.D.C. 47, 50, 274 F.2d 556 (1959).

{¶ 12} We cited this holding in *Iacona* in determining that *Brady,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, and Juv.R. 24(A)(6) apply to mandatory-bindover hearings in Ohio. *Id.*, 93 Ohio St.3d at 92, 752 N.E.2d 937. Although we did not explicitly hold in *Iacona* that Juv.R. 24 applies in its entirety to bindover hearings, we certainly implied that it does. Nevertheless, we make clear today that it does. Upon written request, and to the extent not privileged, Juv.R. 24(A) requires the following information to be produced prior to a mandatory or discretionary bindover hearing:

> (1) The names and last known addresses of each witness to the occurrence that forms the basis of the charge or defense;
>
> (2) Copies of any written statements made by any party or witness;
>
> (3) Transcriptions, recordings, and summaries of any oral statements of any party or witness, except the work product of counsel;
>
> (4) Any scientific or other reports that a party intends to introduce at the hearing or that pertain to physical evidence that a party intends to introduce;
>
> (5) Photographs and any physical evidence which a party intends to introduce at the hearing;
>
> (6) * * * all evidence, known or that may become known to the prosecuting attorney, favorable to the respondent and material either to guilt or punishment.

{¶ 13} Here, the juvenile court was faced with a standoff between the state and the defense regarding whether D.M. was entitled to certain police reports. The state argued (1) that these reports are work product and are thus not discoverable and (2) that even if they were discoverable, D.M. would not be entitled to them prior to a bindover hearing because he is not entitled to full Juv.R. 24 discovery at that stage. D.M. argued that he was entitled to full Juv.R. 24 discovery and that even if he were not, he would clearly be entitled, under *Brady* and *Iacona*, to any information in the police reports that is material to guilt or punishment that would be favorable to him. At the second hearing on this matter, it was clear that the parties could not resolve this issue on their own. It was then that the discoverability of these reports for purposes of D.M.'s bindover hearing became a question of law for the juvenile court to resolve. The court ruled in D.M.'s favor and ordered the state to turn over the police reports.

{¶ 14} We hold that the court should not have ordered the state to turn over the police reports without first asking the prosecuting attorney to turn the documents over to the court for an in camera inspection to determine whether they contained discoverable material under Juv.R. 24. If the judge determined that they did contain discoverable material, she was then required to determine whether they also contained nondiscoverable material, such as work product, that the prosecuting attorney could redact prior to turning the documents over to D.M.'s counsel. Performing an in camera review of the documents to ascertain whether they contained privileged information would have ensured a fair proceeding and the protection of privileged information. *Pennsylvania v. Ritchie,* 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987).

{¶ 15} Juvenile courts are under an obligation to see that the procedural and substantive due-process rights of juveniles are upheld, but they must also allow the state to pursue its objectives of rehabilitating juvenile offenders and protecting society. We note that the juvenile court continued this case twice prior

to dismissing it without prejudice. It is certainly understandable why the juvenile court judge was frustrated with the state's conduct, but prior to dismissing the case for failure to comply with the discovery order the juvenile court should have ordered the state to turn over these police reports to the court for an in camera inspection. We conclude that it was an abuse of discretion for the juvenile court to dismiss D.M.'s case without performing such an inspection. This court has consistently ruled that when imposing a discovery sanction, the court must impose the least severe sanction that is consistent with the purpose of the rules of discovery. *See, e.g., Lakewood v. Papadelis*, 32 Ohio St.3d 1, 511 N.E.2d 1138 (1987), paragraph two of the syllabus. And as we held in *State v. Darmond,* 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, syllabus, this rule applies equally to discovery violations committed by the state and to discovery violations committed by a criminal defendant.

{¶ 16} In conclusion, we hold that Juv.R. 24 applies in bindover hearings. A prosecuting attorney is under a duty imposed by Juv.R. 24(A)(6) and the Due Process Clauses of the Ohio Constitution and the United States Constitution to disclose to a juvenile respondent all evidence in the state's possession that is favorable to the juvenile and material to either guilt, innocence, or punishment. We further hold that when the state or the juvenile claims that documents are privileged or otherwise not discoverable, it is an abuse of discretion for the juvenile court not to perform an in camera inspection of the documents to determine whether they contain discoverable evidence prior to ordering the party to turn over the documents to the opposing party or sanctioning the party for failing to comply with a discovery order.

{¶ 17} Based on these holdings, we affirm the court of appeals' judgment reversing and vacating the juvenile court's dismissal of D.M.'s case. We stress, however, that we do not adopt the court of appeals' holding that the scope of discovery for a bindover hearing is less than that provided for under Juv.R. 24.

Thus, we remand the cause to the juvenile court for further proceedings, which shall include an in camera inspection of the withheld documents to determine whether they contain evidence discoverable under Juv.R. 24.

Judgment affirmed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

O'DONNELL, J., concurs in judgment only.

_____

Raymond T. Faller, Hamilton County Public Defender, and Gordon C. Magella, Assistant Public Defender, for appellant, D.M.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, for appellee, the state of Ohio.

Kim Tandy, urging reversal for amicus curiae Children's Law Center, Inc.

Timothy Young, Ohio Public Defender, and Brook Burns, Assistant Public Defender, urging reversal for amicus curiae Office of the Ohio Public Defender.

Nadia Natasha Seeratan, urging reversal for amicus curiae National Juvenile Defender Center.

_____