NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-562

THE STATE EX REL. R.W. *v.* WILLIAMS, JUDGE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. R.W. v. Williams,* Slip Opinion No. 2016-Ohio-562.]**

*Prohibition—Writ sought to preclude further proceedings—Relator has adequate remedy by way of appeal and is unable to establish that court patently and unambiguously lacks jurisdiction—Writ denied.*

(No. 2015-0159—Submitted September 15, 2015—Decided February 18, 2016.)

IN PROHIBITION.

_____

**Per Curiam.**

{¶ 1} This is an original action in which relator, R.W., seeks a writ of prohibition to preclude further proceedings in Hamilton County Juvenile Court in two cases that were instituted in 2012. Because R.W. has an adequate remedy in the ordinary course of law by way of appeal and is unable to establish that the juvenile court patently and unambiguously lacks jurisdiction, we deny the writ.

**Facts**

{¶ 2} R.W. was a 17-year-old juvenile at the time delinquency complaints were filed against him. Respondent is Judge John M. Williams, judge of the juvenile division of the Hamilton County Court of Common Pleas.

{¶ 3} In October 2012, the state alleged in two cases that R.W. had committed acts that if committed by an adult would have constituted felonious assault and aggravated robbery, each with a firearm specification. R.W.'s two cases were initially assigned to Juvenile Division Judge Tracie Hunter's docket. However, the cases were heard by Judge Williams because they were paired with an earlier case that had been assigned to him.

{¶ 4} Shortly thereafter, the state moved to bind R.W. over to the general division. The bindover hearing was set for later in October 2012, but the state was not able to go forward at that time. Judge Williams denied the state's request for a continuance and dismissed the cases without prejudice.

{¶ 5} The complaints were refiled in November 2012 under new case numbers and were heard by Judge Hunter. In December, the state again filed motions for bindover, and R.W. filed a request for discovery. In January 2013, the state provided a partial discovery response. The bindover hearing was set for later that month but was continued.

{¶ 6} In the interim, R.W. filed a motion to compel discovery of various police reports. At a February 4 hearing held on only the motion to compel, Judge Hunter ordered the state to comply with R.W.'s discovery request and scheduled the bindover hearing for February 20, 2013.

{¶ 7} On February 6, the state disclosed all requested documents except for a police report known as Form 527B, the Trial Preparation Report. R.W. filed a motion to show cause and moved to dismiss the case as a sanction for the failure to produce the report. In response, the state filed a copy of the disputed report under seal. At the February 20 hearing, Judge Hunter dismissed the cases with prejudice

as a sanction for the discovery violation and also due to the multiple continuances sought by the state associated with unavailable witnesses.

{¶ 8} The state appealed the dismissal to the court of appeals, which reversed based on its decision in *In re D.M.*, 2013-Ohio-668, 989 N.E.2d 123 (1st Dist.). *In re R.W.*, 1st Dist. Hamilton Nos. C-130151 and C-130152, 2014-Ohio-175, ¶ 6-8, 14. In *In re D.M.*, the First District had held that a juvenile was not entitled to two police reports, including a 527B report, for a bindover hearing. *In re D.M.* at ¶ 13. Therefore, in R.W.'s case the court of appeals held that because the trial court "improperly ordered the state to turn the reports over, the imposed sanction that resulted from that determination was also erroneous." *In re R.W.* at ¶ 14. The court of appeals also found that dismissing the case with prejudice rather than granting a continuance was an abuse of discretion, *id.* at ¶ 9-13, and reversed and remanded to the trial court with instructions to schedule a bindover hearing and for further proceedings, *id.* at ¶ 15.

{¶ 9} In March 2014, R.W. appealed to this court, raising two propositions of law, one concerning the discovery issue and the other the dismissal issue. We accepted jurisdiction, held the case for the decision in *In re D.M.*, and stayed the briefing schedule. *In re R.W.*, 139 Ohio St.3d 1416, 2014-Ohio-2487, 10 N.E.3d 737.

{¶ 10} In August 2014, we reversed the First District's decision in *In re D.M.*, holding that Juv.R. 24 applies to bindover proceedings and that the state was obligated to produce materials discoverable under that rule. *In re D.M.*, 140 Ohio St.3d 309, 2014-Ohio-3628, 18 N.E.3d 404, ¶ 2, 12. Given our decision in *In re D.M.*, we reversed the judgment of the First District in *In re R.W.* by entry. *In re R.W.*, 140 Ohio St.3d 1433, 2014-Ohio-4160, 16 N.E.3d 678. Our order did not direct that the cause be remanded, nor did it specify a proposition of law; rather the order simply stated: "On consideration thereof, the judgment of the court of appeals is reversed on the authority of *In re D.M.*" *Id.*

**{¶ 11}** In November 2014, the state filed a request to schedule a bindover hearing for R.W. before Judge Williams. R.W. filed a memorandum in response, arguing primarily that his cases had been dismissed with prejudice and had been reviewed by this court without remand. Judge Williams held oral argument, issued a written decision granting the state's motion to schedule a bindover hearing, and scheduled the hearing for February 2015.

**{¶ 12}** R.W. asks for a writ of prohibition to prevent Judge Williams from proceeding with the hearing or otherwise exercising judicial power over him. We issued an alternative writ on February 4, 2015. *State ex rel. R.W. v. Williams*, 141 Ohio St.3d 1464, 2015-Ohio-404, 24 N.E.3d 1183.

**Analysis**

**{¶ 13}** To be entitled to the requested writ of prohibition, R.W. must establish that (1) Judge Williams is about to exercise or has exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18; *State ex rel. Miller v. Warren Cty. Bd. of Elections*, 130 Ohio St.3d 24, 2011-Ohio-4623, 955 N.E.2d 379, ¶ 12. Even if an adequate remedy exists, a writ may issue if the lack of jurisdiction is " 'patent and unambiguous.' " *State ex rel. V.K.B. v. Smith*, 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.3d 1184, ¶ 9, quoting *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.*, 135 Ohio St.3d 204, 2013-Ohio-224, 985 N.E.2d 480, ¶ 11.

**{¶ 14}** Judge Williams is exercising judicial power in setting and holding a bindover hearing. While he asserts that he has no adequate remedy in the ordinary course of law, R.W. unquestionably has a remedy by way of appeal of any conviction. We therefore consider whether Judge Williams patently and unambiguously lacks jurisdiction to proceed.

**{¶ 15}** We reversed the judgment of the court of appeals in *In re R.W.* based on the holding in *In re D.M.* In *In re D.M.*, we remanded the case to the juvenile court for further proceedings, and we instructed that those proceedings include an in camera inspection of the withheld documents to determine whether they contained material that should be redacted.

**{¶ 16}** In his appeal from the decision of the court of appeals in *In re R.W.*, R.W. raised two issues. The first issue was the one resolved in *In re D.M.*, *i.e.*, whether a juvenile is entitled to full discovery prior to the bindover hearing provided in R.C. 2152.12. The effect of our order in *In re R.W.* as to this issue was to reinstate the trial court's order directing the state to produce R.W.'s 527B report to the defense.

**{¶ 17}** However, R.W. had also raised a second proposition of law—one that was not addressed in *In re D.W.*—that is, whether trial courts may consider previous dismissals and failures to comply with discovery orders before continuing or dismissing a case. We accepted jurisdiction in *In re R.W.* without making any distinction between the two propositions of law. Similarly, when we issued our order in *In re R.W.*, the case was "reversed on the authority of *In re D.M.*," and the second proposition of law was not mentioned.

**{¶ 18}** R.W. argues that our reversal of the judgment of the court of appeals in *In re R.W.*, together with the lack of a mention of a remand, means that Judge Hunter's dismissal with prejudice has been reinstated and that no reconsideration of that decision is possible. But because we did not consider R.W.'s second proposition, our reversal "on the authority of *In re D.M.*" did not necessarily act to reinstate the dismissal with prejudice. *See, e.g.*, *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 11 (" '[a] reported decision, although a case where the question might have been raised, is entitled to no consideration whatever as settling * * * a question not passed upon or raised at the time of the adjudication' " [ellipsis sic]), quoting *State ex rel. Gordon v. Rhodes*, 158 Ohio St.

129, 107 N.E.2d 206 (1952), paragraph one of the syllabus. Therefore, the juvenile court does not "patently and unambiguously" lack jurisdiction to conduct further proceedings.

## Conclusion

{¶ 19} R.W. has an adequate remedy in the ordinary course of law by way of appeal, and Judge Williams does not patently and unambiguously lack jurisdiction to proceed. Therefore, R.W. has not established his entitlement to the requested writ of prohibition.

Writ denied.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, and KENNEDY, JJ., concur.

FRENCH and O'NEILL, JJ., dissent.

_____

**FRENCH, J., dissenting.**

{¶ 20} I respectfully dissent. In my view, the Hamilton County Juvenile Court patently and unambiguously lacks jurisdiction to proceed following this court's reversal in *In re R.W.*, 140 Ohio St.3d 1433, 2014-Ohio-4160, 16 N.E.3d 678. Therefore, I would grant a writ of prohibition.

{¶ 21} The Hamilton County Juvenile Court granted R.W.'s motion to dismiss the delinquency cases against him with prejudice. R.W. based his motion to dismiss solely on the state's refusal to abide by the juvenile court's order to provide requested discovery. As relevant here, R.W. specifically claimed that the state did not produce a police report known as Form 527B. The state filed a copy of the disputed Form 527B under seal on February 19, 2013, 11 days after the court-ordered deadline for the state to provide additional discovery.

{¶ 22} At a February 20, 2013 hearing on probable cause and pending motions, the trial judge stated, "[B]ased on the refusal of the state to comply with this Court's [discovery] order—or I feel that I have no choice at this moment but to

dismiss this case with prejudice. So this case—these cases are dismissed at this time." The prosecutor questioned the basis of the dismissal: "[T]hat is because of the state's refusal on the discovery, correct?" The judge responded, "And the state's inability to proceed multiple times, having refiled the case multiple times and still not being prepared to proceed."

**{¶ 23}** The First District reversed the juvenile court's dismissal with prejudice. Based on its decision in *In re D.M.*, 2013-Ohio-668, 989 N.E.2d 123 (1st Dist.), the court held that the trial court's order compelling discovery and its dismissal based upon the state's noncompliance with that order were erroneous. *In re R.W.*, 1st Dist. Hamilton Nos. C-130151 and C-130152, 2014-Ohio-175, ¶ 7, 14. The First District also held that the trial court abused its discretion when it denied the state's request for a continuance of the probable-cause hearing and, instead, dismissed the cases against R.W. *Id.* at ¶ 13.

**{¶ 24}** R.W. appealed to this court, challenging both aspects of the First District's decision. This court reversed the First District's judgment by entry on the authority of *In re D.M.*, 140 Ohio St.3d 309, 2014-Ohio-3628, 18 N.E.3d 404. *In re R.W.*, 140 Ohio St.3d 1433, 2014-Ohio-4160, 16 N.E.3d 678. This court's entry neither distinguished between R.W.'s propositions of law nor ordered a remand, either to the First District or to the trial court. We simply reversed the First District's judgment reversing the juvenile court's dismissal with prejudice. *See id.*

**{¶ 25}** In *D.M.*, we held that Juv.R. 24 applies in bindover hearings and that it, in concert with principles of due process, imposes upon a prosecuting attorney a duty to disclose to a juvenile respondent all evidence in the state's possession that is favorable to the juvenile and material to either guilt, innocence or punishment. *D.M.* at ¶ 16. We also held that a juvenile court abuses its discretion when, in light of a claim of privilege, it does not perform an in camera inspection to determine whether withheld documents contain discoverable evidence prior to sanctioning a party for failing to comply with a discovery order. *Id.* In *D.M.*, although we

adopted the appellant's proposition of law regarding the applicability of Juv.R. 24 to bindover proceedings, we affirmed the court of appeals' judgment vacating the juvenile court's dismissal with prejudice, and we remanded to the juvenile court for further proceedings, including an in camera inspection to determine whether the withheld documents contained discoverable information. *Id.* at ¶ 17.

{¶ 26} Unlike in *D.M.*, this court in *R.W.* did not affirm the court of appeals' judgment reversing the juvenile court's dismissal in R.W.'s appeal. To the contrary, we reversed the court of appeals' judgment. Our decision in *D.M.* resolved the question of the availability of the police forms that R.W. sought as discovery at the bindover stage in his delinquency cases. Based on *D.M.*, the First District erred in concluding that the state could not be compelled to produce the Form 527B. The majority acknowledges that the effect of our judgment in *R.W.* "was to reinstate the trial court's order directing the state to produce" the Form 527B. Majority opinion at ¶ 16.

{¶ 27} Based on our holding in *D.M.* that Juv.R. 24 applies to bindover proceedings, the juvenile court here did not err in ordering the state to produce requested discovery at the bindover stage. But unlike in *D.M.*, there was no reason for this court to remand R.W.'s cases to the juvenile court. In *D.M.*, the state opposed producing the requested documents because even if the juvenile was entitled to full Juv.R. 24 discovery, the requested documents were privileged work product. *D.M.* at ¶ 13. Upon affirming the First District's vacation of the trial court's dismissal, we remanded to the juvenile court for an in camera inspection to ascertain whether the requested documents contained privileged information. *Id.* at ¶ 17.

{¶ 28} Here, we are concerned with the discoverability of a single document—the Form 527B. Although the state did not claim that the information contained in the Form 527B was privileged, the juvenile court examined the Form 527B provided by the state under seal and stated, "I see no information on the form

8

quite honestly that the defendant would not be or should not be entitled to." Although *D.M.* held that it would be an abuse of discretion for a juvenile court to dismiss a case for the state's failure to comply with a discovery order without first performing an in camera inspection to determine whether the evidence is discoverable, it appears that the juvenile court here did exactly what is required under *D.M.* Accordingly, *D.M.* did not require a remand for further proceedings in this case.

{¶ 29} The majority states that because we did not expressly rule on R.W.'s second proposition of law—regarding the trial court's denial of the state's motion for a continuance—our reversal "did not necessarily act to reinstate the dismissal with prejudice." Majority opinion at ¶ 18. I disagree. The majority's reliance on *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 11, for that proposition is misplaced. *Payne* states that " '[a] reported decision * * * is entitled to no consideration whatever as settling * * * a question not passed upon or raised at the time of the adjudication.' " (Second ellipsis sic.) *Id.*, quoting *State ex rel. Gordon v. Rhodes*, 158 Ohio St. 129, 107 N.E.2d 206 (1952), paragraph one of the syllabus. In stating this proposition in *Payne*, we held that our remands of criminal appeals for resentencing in light of *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, did not answer the question—not considered in *Foster*—whether the failure to object to sentencing in the trial court forfeited that objection.

{¶ 30} Although I agree that this court is not bound by perceived implications from its opinions, *Payne* at ¶ 12, that is not the question before the court today. We are not concerned with perceived implications based on what we did or did not decide in R.W.'s appeal but are, instead, concerned only with the effect of our clear judgment of reversal in R.W.'s appeal. We reversed the First District's judgment reversing the trial court's dismissal with prejudice without qualification or remand. Upon our reversal of the First District's judgment, the trial

court's dismissal with prejudice was reinstated. Having dismissed R.W.'s delinquency cases with prejudice, the juvenile court patently and unambiguously lacks jurisdiction to proceed.

{¶ 31} For these reasons, I respectfully dissent and would grant a writ of prohibition.

O'NEILL, J., concurs in the foregoing opinion.

_____

Raymond T. Faller, Hamilton County Public Defender, Gordon C. Magella, Assistant Public Defender, Christine Y. Jones, Director, Appellate Division, and Michele K. Temmel, Director, Juvenile Division, for relator.

Maguire & Schneider, L.L.P., Mark R. Meterko, and Keith W. Schneider, for respondent.

_____