French, J.,
dissenting.
{¶ 20} I respectfully dissent. In my view, the Hamilton County Juvenile Court patently and unambiguously lacks jurisdiction to proceed following this court’s reversal in In re R.W., 140 Ohio St.3d 1433, 2014-Ohio-4160, 16 N.E.3d 678. Therefore, I would grant a writ of prohibition.
{¶ 21} The Hamilton County Juvenile Court granted R.W.’s motion to dismiss the delinquency cases against him with prejudice. R.W. based his motion to dismiss solely on the state’s refusal to abide by the juvenile court’s order to provide requested discovery. As relevant here, R.W. specifically claimed that the state did not produce a police report known as Form 527B. The state filed a *95 copy of the disputed Form 527B under seal on February 19, 2013, 11 days after the court-ordered deadline for the state to provide additional discovery.
{¶ 22} At a February 20, 2013 hearing on probable cause and pending motions, the trial judge stated, “[Biased on the refusal of the state to comply with this Court’s [discovery] order — or I feel that I have no choice at this moment but to dismiss this case with prejudice. So this case — these cases are dismissed at this time.” The prosecutor questioned the basis of the dismissal: “[T]hat is because of the state’s refusal on the discovery, correct?” The judge responded, “And the state’s inability to proceed multiple times, having refiled the case multiple times and still not being prepared to proceed.”
{¶ 23} The First District reversed the juvenile court’s dismissal with prejudice. Based on its decision in In re D.M., 2013-Ohio-668, 989 N.E.2d 123 (1st Dist.), the court held that the trial court’s order compelling discovery and its dismissal based upon the state’s noncompliance with that order were erroneous. In re R.W., 1st Dist. Hamilton Nos. C-130151 and C-130152, 2014-Ohio-175, 2014 WL 238461, ¶ 7, 14. The First District also held that the trial court abused its discretion when it denied the state’s request for a continuance of the probable-cause hearing and, instead, dismissed the cases against R.W. Id. at ¶ 13.
{¶24} R.W. appealed to this court, challenging both aspects of the First District’s decision. This court reversed the First District’s judgment by entry on the authority of In re D.M., 140 Ohio St.3d 309, 2014-Ohio-3628, 18 N.E.3d 404. In re R.W., 140 Ohio St.3d 1433, 2014-0hio-4160, 16 N.E.3d 678. This court’s entry neither distinguished between R.W.’s propositions of law nor ordered a remand, either to the First District or to the trial court. We simply reversed the First District’s judgment reversing the juvenile court’s dismissal with prejudice. See id.
{¶ 25} In D.M., we held that Juv.R. 24 applies in bindover hearings and that it, in concert with principles of due process, imposes upon a prosecuting attorney a duty to disclose to a juvenile respondent all evidence in the state’s possession that is favorable to the juvenile and material to either guilt, innocence or punishment. D.M. at ¶ 16. We also held that a juvenile court abuses its discretion when, in light of a claim of privilege, it does not perform an in camera inspection to determine whether withheld documents contain discoverable evidence prior to sanctioning a party for failing to comply with a discovery order. Id. In D.M., although we adopted the appellant’s proposition of law regarding the applicability of Juv.R. 24 to bindover proceedings, we affirmed the court of appeals’ judgment vacating the juvenile court’s dismissal with prejudice, and we remanded to the juvenile court for further proceedings, including an in camera inspection to determine whether the withheld documents contained discoverable information. Id. at ¶ 17.
*96 {¶ 26} Unlike in D.M., this court in R.W. did not affirm the court of appeals’ judgment reversing the juvenile court’s dismissal in R.W.’s appeal. To the contrary, we reversed the court of appeals’ judgment. Our decision in D.M. resolved the question of the availability of the police forms that R.W. sought as discovery at the bindover stage in his delinquency cases. Based on D.M., the First District erred in concluding that the state could not be compelled to produce the Form 527B. The majority acknowledges that the effect of our judgment in R.W. “was to reinstate the trial court’s order directing the state to produce” the Form 527B. Majority opinion at ¶ 16.
{¶27} Based on our holding in D.M. that Juv.R. 24 applies to bindover proceedings, the juvenile court here did not err in ordering the state to produce requested discovery at the bindover stage. But unlike in D.M., there was no reason for this court to remand R.W.’s cases to the juvenile court. In D.M., the state opposed producing the requested documents because even if the juvenile was entitled to full Juv.R. 24 discovery, the requested documents were privileged work product. D.M. at ¶ 13. Upon affirming the First District’s vacation of the trial court’s dismissal, we remanded to the juvenile court for an in camera inspection to ascertain whether the requested documents contained privileged information. Id. at ¶ 17.
{¶ 28} Here, we are concerned with the discoverability of a single document— the Form 527B. Although the state did not claim that the information contained in the Form 527B was privileged, the juvenile court examined the Form 527B provided by the state under seal and stated, “I see no information on the form quite honestly that the defendant would not be or should not be entitled to.” Although D.M. held that it would be an abuse of discretion for a juvenile court to dismiss a case for the state’s failure to comply with a discovery order without first performing an in camera inspection to determine whether the evidence is discoverable, it appears that the juvenile court here did exactly what is required under D.M. Accordingly, D.M. did not require a remand for further proceedings in this case.
{¶ 29} The majority states that because we did not expressly rule on R.W.’s second proposition of law — regarding the trial court’s denial of the state’s motion for a continuance — our reversal “did not necessarily act to reinstate the dismissal with prejudice.” Majority opinion at ¶ 18. I disagree. The majority’s reliance on State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 11, for that proposition is misplaced. Payne states that “ ‘[a] reported decision * * * is entitled to no consideration whatever as settling * * * a question not passed upon or raised at the time of the adjudication.’ ” (Second ellipsis sic.) Id., quoting State ex rel. Gordon v. Rhodes, 158 Ohio St. 129, 107 N.E.2d 206 (1952), paragraph one of the syllabus. In stating this proposition in Payne, we held that *97 our remands of criminal appeals for resentencing in light of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, did not answer the question — not considered in Foster — whether the failure to object to sentencing in the trial court forfeited that objection.
Raymond T. Faller, Hamilton County Public Defender, Gordon C. Magella, Assistant Public Defender, Christine Y. Jones, Director, Appellate Division, and Michele K. Temmel, Director, Juvenile Division, for relator.
Maguire & Schneider, L.L.P., Mark R. Meterko, and Keith W. Schneider, for respondent.
{¶ 30} Although I agree that this court is not bound by perceived implications from its opinions, Payne at ¶ 12, that is not the question before the court today. We are not concerned with perceived implications based on what we did or did not decide in R.W.’s appeal but are, instead, concerned only with the effect of our clear judgment of reversal in R.W.’s appeal. We reversed the First District’s judgment reversing the trial court’s dismissal with prejudice without qualification or remand. Upon our reversal of the First District’s judgment, the trial court’s dismissal with prejudice was reinstated. Having dismissed R.W.’s delinquency cases with prejudice, the juvenile court patently and unambiguously lacks jurisdiction to proceed.
{¶ 31} For these reasons, I respectfully dissent and would grant a writ of prohibition.
O’Neill, J., concurs in the foregoing opinion.