[Cite as *State v. Parker*, 2017-Ohio-7607.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105224**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# GEORGE PARKER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-607804-A

**BEFORE:** Stewart, J., McCormack, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** September 14, 2017

**ATTORNEY FOR APPELLANT**

P. Andrew Baker
11510 Buckeye Road
Cleveland, OH 44104


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Brandon Piteo
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant George Parker pleaded guilty to three amended first-degree felony counts of aggravated robbery in violation of R.C. 2911.01(A)(1), each with a one-year firearm specification pursuant to R.C. 2941.141. Three-year firearm specifications, a notice of prior conviction, and a repeat violent offender specification were deleted. The court sentenced Parker to 21 years in prison. On appeal, Parker challenges his sentence.

{¶2} Parker's convictions arose from three robberies, committed on different days, and involving five female victims, one being a minor. There was a pattern to Parker's crimes: he approached his victims on a bicycle, pointed a gun at them, demanded money, and threatened to kill each one if she failed to comply. One victim stated that after Parker took her money, he threatened to kill her if he ever saw her again, regardless of whether she had money. At Parker's sentencing, the victims spoke about the psychological trauma they experienced following the robberies, including post-traumatic stress disorder ("PTSD"), the inability to sleep, and fear of going outside.

{¶3} The court sentenced Parker to ten years in prison for one robbery and four years in prison for each of the remaining two. Regarding the three one-year firearm specifications, the court noted that pursuant to R.C. 2929.14(B)(1)(g), it was required to impose consecutive prison sentences for two firearm specifications, but that it had discretion to impose such a term for the third. The court exercised its discretion and ordered that all sentences run consecutively for a total of 21 years in prison. Parker raises two assignments of error challenging his sentence. We find that neither assigned error has merit and affirm.

{¶4} This court's appellate jurisdiction to review a criminal felony sentence is governed by R.C. 2953.08. Subdivision (A) outlines the grounds by which a defendant may appeal his or her sentence. *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13. Parker's only viable avenue for seeking review of his sentence is on the grounds that his sentence is contrary to law. *See* R.C. 2953.08(A)(4). This provision applies to a sentence to the extent that it falls outside of the statutory limit prescribed for the degree of the offense. *Smith* at ¶ 13.

{¶5} Parker first argues that the court "used erroneous reasoning" to determine his sentence. He bases this argument on some of the court's statements taken out of context. At one point during the plea hearing, the court asked Parker if he understood that "practically speaking, the minimum sentence [it] would be required to give [him] here is a five-year sentence." Tr. 20. Parker argues that the statement is evidence that the court failed to consider a community control sanction as a possible sentencing option. He suggests that the correct low end of his possible sentencing range was the mandatory two years in prison for the gun specifications, followed by a community control sanction for his three underlying aggravated robberies.

{¶6} Regardless of the court's statement or Parker's interpretation of it, Parker cannot escape the fact that none of his sentences fall outside of the statutory range: the range for a first-degree felony is three to eleven years in prison. *See* R.C. 2929.14(A)(1). The court sentenced Parker to ten years, four years, and four years for each of his three felony convictions, all within the statutory range. A trial court is within its discretion to impose a prison sentence within the statutory range authorized for the offense. *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 21. Parker's challenge thus amounts to an argument that the court abused that discretion — a standard of review we are not authorized to undertake. *See* R.C. 2953.08(G)(2).

{¶7} Moreover, Parker's argument fails for at least two additional reasons. First, a review of the record undercuts Parker's assertion that the court did not consider community control. The court stated:

> You have a lengthy criminal history. And not so much that, you have numerous robbery convictions and aggravated robbery convictions. You have numerous prison sentences. Some of your robbery offenses and other offenses include the use of weapons. So after considering the purposes and principles set forth in felony sentencing, I will find that you are not amenable to a community control sanction.

Tr. 46.

{¶8} Further, and although not raised by the state, the court did not have discretion to impose community control in the first place in light of R.C. 2929.13(F)(6). The court-ordered presentence investigation report outlines Parker's extensive criminal history, which extends back at least 42 years, and includes convictions for a multitude of serious crimes, including felonies of both the first and second degree. Subdivision (F)(6) makes prison mandatory for aggravated robbery when the defendant has previously been convicted of "any first or second degree felony." So Parker was not eligible for community control. Parker's first assignment of error is overruled.

{¶9} In Parker's second assigned error, he challenges the consecutive nature of his sentences. While the presumption in Ohio is for multiple sentences to run concurrent to each other, R.C. 2929.14(C)(4) permits a court to impose consecutive sentences if it makes three specified findings. *State v. Nia*, 2014-Ohio-2527, 15 N.E.3d 892, ¶ 17 (8th Dist.). In order to impose consecutive sentences, a court must find: (1) such a sentence is "necessary to protect the public from future crime or to punish the offender," (2) consecutive service is "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and (3) that at least one of the following factors apply:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

**{¶10}** When reviewing a challenge to consecutive sentences, R.C. 2953.08(G)(2)(a) requires a court of appeals to

"review the record, including the findings underlying the sentence," and to modify or vacate the sentence "if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code."

*State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 28, quoting R.C. 2953.08(G)(2)(a).

**{¶11}** Here, Parker argues that the record does not support the trial court's imposition of consecutive sentences. He bases this claim on his statement that he was 61 years old at the time of sentencing, and states that his 21-year sentence is effectively a life sentence. Parker argues that his crimes did not involve actual physical harm and that he showed "a great deal of remorse."

**{¶12}** At sentencing, the court stated its basis for imposing consecutive sentences:

Now I do make a specific finding that consecutive sentences are necessary to protect the public from future crimes, which is clearly exhibited by your record of continued robberies and aggravated robberies. They are not disproportionate at all to the danger you pose to the public or the seriousness of your conduct.

* * *

Your course of conduct in these three instances and the harm caused by these instances are so great or unusual that no single prison term for any of these offenses committed as part of this course of conduct would adequately reflect the seriousness, and again we've already outlined your extensive criminal history.

Tr. at 48-49.

**{¶13}** Based on review of the transcript, Parker's argument fails on its face. The record clearly reflects that the court complied with R.C. 2929.14(C)(4) and made the three required findings. "'[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.'" *State v. Moore*, 2014-Ohio-5135, 23 N.E.3d 1197, ¶ 29 (8th Dist.), quoting *Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 29. Parker's second assignment of error is without merit and is overruled.

**{¶14}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

TIM McCORMACK, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR