[Cite as *State v. Gregory*, 2016-Ohio-8486.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### Nos. 104038, 104039, and 104040

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# KAVONTE D. GREGORY

DEFENDANT-APPELLANT

## JUDGMENT:
### AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-14-590377-C, CR-13-571558-B, and CR-15-594219-A

**BEFORE:** E.T. Gallagher, J., Jones, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** December 29, 2016

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1360 East Ninth St.
Suite 600
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Glen Ramdhan
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} In this consolidated appeal, defendant-appellant, Kavonte Gregory ("Gregory"), appeals from the trial court's imposition of consecutive sentences. He raises one assignment of error:

> 1. The record clearly and convincingly does not support the imposition of consecutive sentences.

{¶2} After careful review of the record and relevant case law, we affirm Gregory's sentences.

## I. Procedural History

{¶3} In Cuyahoga C.P. No. CR-13-571588-B, Gregory pleaded guilty to an amended count of robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree. According to the prosecutor, the amended count stemmed from Gregory's theft of a cell phone at a bus station. At sentencing, the trial court imposed a two-year period of community control sanctions and reserved the right to impose a three-year prison term if Gregory violated the conditions of his community control sanctions.

{¶4} In Cuyahoga C.P. No. CR-15-594219-A, Gregory pleaded guilty to an amended count of attempted failure to verify in violation of R.C. 2923.02 and 2950.06, a felony of the fourth degree. The record reflects that Gregory's registration requirements arose from a prior adjudication of delinquency for gross sexual imposition in the Cuyahoga County Juvenile Court.

**{¶5}** In Cuyahoga C.P. No. CR-14-590377-C, Gregory pleaded guilty to rape in violation of R.C. 2907.02(A)(2), with one- and three-year firearm specifications; aggravated burglary in violation of R.C. 2911.11(A)(2), with one- and three-year firearm specifications; and aggravated robbery in violation of R.C. 2911.01(A)(1), with one- and three-year firearm specifications.

**{¶6}** The charges in the rape case arose from an incident where Gregory and two others, codefendants Tabitha Harris and Wilberto Santos, committed criminal acts against male victim, C.G., and female victim, D.S., while guests in C.G.'s home. According to the prosecutors synopsis of the case, Harris telephoned her girlfriend, D.S., who was at that time staying at C.G.'s apartment with her three-year-old child. Harris asked her girlfriend if she, Gregory, and Santos could come over and hang out, and D.S. replied that they could. Before they reached the apartment, Gregory, Harris, and Santos devised a plan to rob the victims when they got to the apartment.

**{¶7}** D.S. and the three defendants drank alcohol and smoked marijuana until about 2:00 or 3:00 a.m. when D.S. asked her guests to leave because it was getting late. At this point, Santos pulled out a gun and asked "where is the safe, where's the money?" Gregory also approached D.S. with balled fists and told her that he was going to punch her in the face if she did not tell them the location of the safe. When the victims explained that there was no safe in the apartment, the defendants placed D.S. in the bathroom and warned her not to move or they would kill her. In addition, the defendants

took C.G. to his bedroom and made him lie on his bed, naked, while they ransacked the apartment in search of valuables.

{¶8} Subsequently, Santos and Gregory forced the victims, at gunpoint, to engage in sexual acts with each other. Afterwards, Santos and Gregory forced D.S. to perform oral sex on them. Before leaving the apartment, the defendants took the victims' identification cards and threatened to kill them and their family members if either of them told anyone what happened that night. According to the prosecutor, each victim reported that "Mr. Gregory throughout the whole thing was the more aggressive out of the two between Mr. Santos and Mr. Gregory."

{¶9} In November 2015, the trial court found that Gregory violated the terms of his community control sanctions in Case No. CR-13-571588-B as a result of his conduct in Case Nos. CR-15-594219-A and CR-14-590377-C. Accordingly, the court terminated his community control and proceeded to sentencing in each case.

{¶10} In Case No. CR-13-571588-B, the trial court imposed a 36-month prison term on Gregory's underlying robbery charge.

{¶11} In Case No. CR-15594219-A, the trial court imposed a 12-month prison term on the attempted failure to verify charge.

{¶12} In Case No. CR-14-590377-C, the trial court determined that the aggravated robbery and aggravated burglary charges merged for the purposes of sentencing. The state elected to proceed with sentencing on the aggravated burglary charge. The trial court imposed an 11-year prison term on the rape charge, to run consecutive to the

three-year firearm specification.    In addition, the trial court imposed an eight-year prison term on the aggravated burglary charge, to run consecutive to the sentence for rape, for an aggregate 22-year prison term.

{¶13} Following an extensive discussion on the record, the trial court ordered the sentences in each case to run consecutively to each other, for an aggregate 26-year prison term.

{¶14} Gregory now appeals from the sentences imposed in Case Nos. CR-13-571588-B, CR-15-594219-A, and CR-14-590377-C.

## II. Law and Analysis

{¶15} In his sole assignment of error, Gregory argues the record clearly and convincingly does not support the imposition of consecutive sentences.

{¶16} Before imposing a consecutive sentence, a trial court is required to find that (1) "consecutive service is necessary to protect the public from future crime or to punish the offender"; (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

**{¶17}** On appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2) directs the appellate court "to review the record, including the findings underlying the sentence" and to modify or vacate the sentence "if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code * * *" or if the "sentence is otherwise contrary to law." *See also State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 28. Thus, under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings, or (2) that the sentence imposed is contrary to law.

**{¶18}** In this case, the record reflects that the trial court addressed the facts and circumstances of each case individually prior to imposing the aggregate 26-year prison term at the consolidated sentencing hearing. In formulating the 22-year sentence in Case No. CR-14-590377-C, the trial court indicated that it carefully considered Gregory's remorse and acceptance of guilt, the state's detailed synopsis of the facts supporting the charges, and the sentencing memorandum provided by the state. In addition, the court emphasized the seriousness the case and relevant recidivism factors. In support of its

decision to impose consecutive sentences in Case No. CR-14-590377-C, the trial court

stated the following:

> The next decision I have to make is whether or not I'm going to run these concurrent or consecutive. And I thought about this, I've listened to your arguments and I'm going to run them consecutive in this case. I ran them consecutive with regard to Mr. Santos and I think the same analysis applies here, even with your view about how things developed — from your point of view, not prior, but coming there and partying with these individuals and it just develops at that point in time where the robbery occurs and then the rape occurs thereafter.
>
> Because even if that's correct, there is a significant difference between robbing someone of their possessions and then taking the next step to raping those individuals as part of that overall spree of criminal activity. And to me those are consecutive types of situations and the conduct is separate and that the presumption of concurrent terms for conduct is not appropriate.
>
> So I am finding consecutive sentences, that it's necessary to protect the public from future crimes or to punish Mr. Gregory and that consecutive sentences are not disproportionate to the seriousness of your conduct and to the danger of your conduct as it poses — potentially poses to the public.
>
> These were significant and awful acts with regard to the rape and humiliation that followed the burglary of the property. And it did, in my view, occur as a result of a course of conduct of multiple offenses involving multiple victims and that the harm caused by these multiple offenses was so great or unusual that no single term for these offenses would be adequate to reflect the seriousness of your conduct.
>
> And then, finally, the history of criminal conduct that I mentioned is another factor that adds to the consecutive nature that I view these sentences for all the reasons that I mentioned. So I do think all the elements that are necessary to establish consecutive sentences is justified under the facts of this case.
>
> So that is a total of [22] years in prison for your conduct in this case.

{¶19} Following the court's imposition of a consecutive sentence in Case No. CR-14-590377-C,

the court proceeded to sentencing in Case Nos. CR-15-594219-A and CR-13-571558-B. As stated,

the court imposed a 12-month prison term in Case No. CR-15-594219-A and a 36-month prison term in Case No. CR-13-571558-B. With respect to the court's decision to run those prison terms consecutively to each other and to the term imposed in Case No. CR-14-590377-C the court made the following statement:

So that leaves one issue to be resolved and that is with regard to these two cases, 594219 and 571558, whether or not those are going to be run consecutive to the case 590377, or whether it's going to be run concurrent with those cases. Concerning the robbery that I just mentioned and just sentenced you to for 36 months in prison, I'm going to run that consecutive to the sentence of 22 years in Case Number 590377. I'm doing that for all the reasons that I set forth in my analysis of Section 2929.14 sub part (C)(4), one, this is a different victim, this is a different circumstance, you were on probation and there's nothing about this particular case that would justify, in my mind, making it concurrent with your conduct in the what I'll refer to as the rape/robbery case.

So you have to stand separate from this punishment — for this punishment based on your conduct. And I think all of the same reasons and analyses apply, that it's necessary to protect the public from future crime, to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of your conduct and to the danger that Mr. Gregory poses to the public. It also, based on your criminal history and conduct, demonstrates that it's justified on that basis as well. And this is part of a pattern of robbing people over an extended period of time. So for those reasons I think it is justified.

That leaves Case Number 544219, the failure to — the attempted failure to register, that arises out of your conduct that occurred while you were a juvenile and arising out of a gross sexual imposition matter for which you had to register and failed to do so. And the one-year sentence in prison I've imposed, the question here is whether I run that concurrent or whether I run that consecutive. And I'm going to run that consecutive as well for all the reasons that I've stated with the prior analyses of consecutive sentences.

This is separate conduct with a separate victim. This is an ongoing relationship and — this is an ongoing matter which he has to register on a regular basis. And this is separate conduct than anything else that we've discussed here today. And I think that it is sufficiently separate that it should not be considered concurrent with other counts. So that's — for totals, that is a total of 26 years in prison on these three cases.

{¶20} On appeal, Gregory does not argue that the court failed to make the required findings for imposing consecutive sentences. Rather, he contends that the record clearly and convincingly does not support the trial court's findings. Specifically, Gregory argues that his aggregate sentence in Case No. CR-14-590377-C is unfairly disproportionate to the 20-year sentence received by codefendant Santos.

{¶21} In support of his position, Gregory cites this court's decision in *State v. Moore*, 8th Dist. Cuyahoga No. 99788, 2014-Ohio-5135, in which this court found that the record did not support the trial court's finding that consecutive sentences were not disproportionate to the seriousness of the defendant's conduct in the commission of the offenses and to the danger he posed to the public.

{¶22} In *Moore*, the defendant participated in a robbery of the Hard Rock Café in Cleveland. He was not armed and was described by a victim as having shown some compassion during the crime. His codefendant, Lamar Chaney, was the mastermind behind the robbery, carried a gun, and used the gun to terrorize the victims. Chaney pleaded guilty and received concurrent nine-year prison terms on two counts of kidnapping with firearm specifications and one count of aggravated robbery with firearm specifications. Moore decided to go to trial and, after being convicted, received a prison term of ten years on each count, which the court ordered to run consecutive to each other plus the firearm specification for a total of 33 years in prison. Moore appealed, and this court reversed and remanded for resentencing, at which he was resentenced to 27 years in prison.

**{¶23}** In *Moore*, this court considered the defendant's behavior in comparison to his codefendant to conclude that his conduct did not merit a consecutive sentence. In reaching this conclusion, the *Moore* court "clearly and convincingly" found that the record did not support the court's finding that consecutive sentences are not disproportionate to his conduct and to the danger he poses to the public. *Id.* at ¶ 40.

**{¶24}** Gregory urges this court to find *Moore* instructive. After careful review, however, we find *Moore* to be distinguishable from the circumstances of this case. As stated, the *Moore* court found that the record did not support the trial court's findings under R.C. 2929.14(C)(4) based on its determination that the defendant's conduct during the offenses was "significantly less egregious or less dangerous" than his codefendant's conduct. In contrast, the victims in this case indicated that Gregory was the most aggressive of the assailants. Furthermore, the record reflects that Gregory's role in this case was not passive. Rather, Gregory took an active role in the burglary and the rape of the female victim.

**{¶25}** For the foregoing reasons, Gregory's sentence cannot be characterized as "clearly disproportionate" to the role he played in significant crimes committed in Case No. CR-14-590377-C. While Gregory showed remorse at the sentencing hearing, we agree with the trial court that his criminal history, the severity of the offenses, his conduct during the incident, and the fact that he was on community control sanctions at the time he committed the offenses, were proper factors to consider in fashioning an appropriate sentence.

{¶26} Thus, the record does not clearly and convincingly support a finding that the trial court erred when it found that consecutive sentences in Case No. CR-14-590377-C were not disproportionate to the seriousness of Gregory's conduct and the danger he posed to the public. Moreover, we find the record supports the trial court's findings regarding Gregory's criminal history and its statement that Gregory's course of conduct, involving multiple victims and multiple offenses, was so great or unusual that no single term for these offenses would be adequate to reflect the seriousness of his conduct.

{¶27} Finally, we find Gregory has failed to demonstrate how the record in this case clearly and convincingly does not support the trial court's decision to run Gregory's sentences in each case consecutive to each other. At oral argument, appellate counsel suggested that the trial court's decision to run Gregory's 12-month prison term in Case No. CR-15-594219-A consecutive to the sentences imposed in Case Nos. CR-13-571558-B and CR-14-590377-C was unreasonable. Counsel maintained that Gregory's failure to verify his address was unrelated to the crimes committed in the other cases and did not establish a pattern of conduct. We find no merit to counsel's position.

{¶28} While counsel correctly notes that Gregory's obligation to verify his address derived from a juvenile case not subject to this appeal, we find Gregory's entire criminal history was a factor the trial court was entitled to consider. Moreover, the fact that Gregory has not been convicted of failing to verify his address in the past did not preclude the trial court from imposing his sentence consecutively to a separate case where, as here, the applicable R.C. 2929.14(C)(4) factors apply. In our view, the trial

court gave appropriate weight to the legislative intent supporting Gregory's obligation to verify his address — to protect the public — and the relevant factors substantiating Gregory's likelihood of recidivism, including the breadth and nature of Gregory's criminal history. Accordingly, we find nothing in the record to discount the trial court's findings that consecutive sentences in each case were appropriate.

{¶29} Gregory's sole assignment of error is overruled.

{¶30} Judgment affirmed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

LARRY A. JONES, SR., A.J., and
MARY EILEEN KILBANE, J., CONCUR